IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF OKLAHOMA *ex rel.* BRITTNEY SUMMERS; | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CIV-20-1032-SLP<br>) |
| CARDIOVASCULAR SPECIALISTS INC. and DR. STEWART KATZ; | )<br>)<br>) |
| Defendants. | )<br>) |

**O R D E R**

Before the Court is Defendants Stewart Katz, M.D. and Cardiovascular Specialists, Inc.'s Motion to Dismiss Plaintiff/Relator Brittney Summers' Potential Request and/or Claim for Attorneys' Fees and Costs [Doc. No. 48]. The matter is fully briefed and at issue. *See* Doc. Nos. 49, 53. For the reasons set forth the Motion is GRANTED.

**I.  Background**

On January 9, 2025 the Court entered an Order [Doc. No. 31] which memorialized the fact of the parties' Settlement Agreement and the Stipulation of Dismissal [Doc. No. 30] filed by Relator, Brittney Summers (Ms. Summers). The Order dismisses with prejudice all claims asserted by Ms. Summers on behalf of the United States and the State of Oklahoma against Defendants Stewart Katz, M.D. and Cardiovascular Specialists, Inc. (Defendants). *See id.*, ¶¶ 1, 2. The Order, however, expressly reserved any claim by Ms. Summers for her "litigation costs and reasonable attorneys' fees pursuant to 31 U.S.C. § 3730(d)(1)." *Id.*, ¶ 3.

On March 7, 2025, Ms. Summers issued summons and served Defendants. Defendants then filed a Motion to Dismiss [Doc. No. 44] and argued that the Settlement Agreement precluded any further claims against them. In responding, Ms. Summers clarified that she was not attempting to relitigate any settled claims but that she was only seeking reasonable attorney fees and costs. *See* Resp. [Doc. No. 45].

On April 18, 2025, the Court then entered an Order [Doc. No. 46] and "granted" Defendants' Motion on the basis that the parties were in "fundamental agreement that the only 'claim' remaining in this lawsuit is any potential claim for attorney fees and costs that Ms. Summers may have" and that the settlement agreement and stipulation of dismissal "preclude[d] further litigation of any other matters." The Court reached this conclusion "without wading into the propriety of the procedural posture of the case, given the parties' agreement that the only possible claim that remains before the Court is a claim for Ms. Summers attorney fees and costs." *Id*. at 2, n. 1. The Court further set the matter for a status conference.

At the status conference, Defendants raised the issue of the timeliness of any request for attorney fees and costs. The Court set a briefing schedule so that the parties could address the timeliness issue. *See* Order [Doc. No. 47]. The briefing is complete and the Court now considers the timeliness of Ms. Summers' request.

**II.     Discussion**

Defendants contend that any request for attorney fees and costs by Ms. Summers is governed by Rule 54(d) and, therefore, that at the latest, Ms. Summers was required to file such a request by January 23, 2025. They contend that the Order and Stipulation of

2

Dismissal entered on January 9, 2025 triggered the fourteen-day time period under Rule 54(d) within which Ms. Summers was required to file a request for attorney fees and costs.

In response, Ms. Summers argues that because the Court's January 9, 2025 Order "preserved" the issue of attorney fees and costs, it cannot be considered a "final decision." Resp. at 7. She further argues that Defendants did not subject themselves to the Court's jurisdiction until they filed their Motion to Dismiss on April 1, 2025.

In reply, Defendants dispute that the fact they were never served somehow prevents the finality of the Court's January 9, 2025 Order. But even assuming Defendants somehow did not become parties until: (1) service was complete by March 12, 2025; (2) Defendants' attorneys filed their Entry of Appearance on March 26, 2025; or (3) the Court entered its Order granting Defendants' Motion to Dismiss on April 18, 2025, they argue that Ms. Summers still has failed to timely file a request for attorney fees and costs.

Rule 54(d) requires that "[a] claim for attorney's fees and related nontaxable expenses" be "made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(B)(i). Such a motion "must be filed no later than 14 days after the entry of judgment," absent "a statute or court order provid[ing] otherwise." *Id.*[1]

---

[1] The stipulation of dismissal operates as a judgment for purposes of Rule 54(d). *See, e.g.*, *Xlear v. Focus Nutrition LLC*, 893 F.3d 1227, 1135-36 (declining to construe the Supreme Court's decision in *Microsoft Corp. v. Baker*, 582 U.S. 23 (2017) "as supporting the conclusion that a Rule 41(a)(1)(A)(ii) dismissal does not produce a judgment for purposes of a motion for attorneys' fees under Rule 54."); *see also Keith Mfg. Co. v. Butterfield*, 955 F.3d 936, 939-40 (Fed. Cir. 2020) (a stipulated dismissal with prejudice and entered by the court constitutes a "judgment" for purposes of a motion for attorney fees under Rule 54).

Ms. Summers points to no authority to show that the substantive law requires the attorney fees she seeks to recover to be proved at trial as an element of damages. Accordingly, the Court finds the provisions of Rule 54(d) apply and she was required to file a request for attorney fees and costs within fourteen days of January 9, 2025, or by January 23, 2025. *See, e.g., United States ex rel. Pervez v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 06-Civ.-1114(DLC), 2011 WL 2683197 at *1-2 (S.D.N.Y. July 11, 2011) (concluding that Rule 54(d) and applies to requests for fees made pursuant to 31 U.S.C. § 3730(d)(1)).[2]

IT IS THEREFORE ORDERED that Defendants Stewart Katz, M.D. and Cardiovascular Specialists, Inc.'s Motion to Dismiss Plaintiff/Relator Brittney Summers' Potential Request and/or Claim for Attorneys' Fees and Costs [Doc. No. 48] is GRANTED.

IT IS SO ORDERED this 15th day of September, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] The Court rejects Ms. Summers' argument that the timeliness of any request for fees should be extended based on a purported lack of personal jurisdiction over Defendants. Defendants, who approved of the settlement, have not contested the Court's exercise of personal jurisdiction and such a waivable issue is theirs to contest, not Ms. Summers' to raise.